# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| NEWTON JR COOK | § | |
| | § | |
| v. | § | Case No. 4:10cv574 |
| | § | (Judge Mazzant) |
| CAMPBELL SOUP SUPPLY | § | |
| COMPANY, LLC | § | |

### **MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion for Summary Judgment (Dkt. # 26) of Defendant Campbell Soup Supply Company LLC. Having considered the motion, and the lack of response thereto, the Court finds that the motion should be granted.

Plaintiff, pro se, claims that he is entitled to pension benefits under the Campbell Soup Company's Retirement and Pension Plan for Employees Covered by Collective Bargaining Agreements (the "Pension Plan"). On March 18, 2011, Defendant filed its motion for summary judgment (Dkt. #26). After Plaintiff failed to file a response, the Court ordered Plaintiff to file a response no later than April 28, 2011, or notify the Court that there is no opposition (Dkt. #27). The Court warned Plaintiff that if no response was filed by April 28, 2011, the Court would proceed to consider the merits of the motion and would assume that there is no opposition to granting the motion. Plaintiff did not file a response.

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc*., 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

Defendant moves for summary judgment that Plaintiff is not entitled to benefits under the Pension Plan because he did not work there the requisite five years. Defendant's records demonstrate that Plaintiff was employed by Defendant from June 1976 through August 1979. Social Security records demonstrate that Plaintiff was employed by Defendant from 1976 to 1979. The Pension Plan from June 1976 to August 1979 required an employee to work for Defendant for five years and reach the age of thirty before becoming eligible for pension benefits.

Thirty years after his employment with Defendant, Plaintiff filed this lawsuit seeking benefits under the Pension Plan. Defendant responded to Plaintiff that he was not eligible to receive benefits under the Pension Plan and requested Plaintiff provide Defendant with evidence that he was employed by Defendant for more than three years. Defendant asserts that to this date, Plaintiff has not produced any evidence to substantiate his claim that he worked for Defendant more than three years, resulting in the denial of his claim for benefits by Defendant. In this lawsuit and in response to this motion, Plaintiff has failed to produce any evidence that he worked for Defendant more than three years.

Judicial review is limited to evaluating whether an adverse determination was arbitrary and capricious when addressing the denial of a benefit claim from an ERISA-governed plan. *Lowry v.* A plan administrator's decision "must be upheld unless a plaintiff proves that the [plan administrator] has acted in an arbitrary and capacious manner." *Id.*

In this case, Defendant moves for summary judgment because Plaintiff failed to establish that he was entitled to benefits under the Pension Plan in that he did not work for the Defendant for the required five years. Defendant further asserts that the denial of Plaintiff's claim for benefits was not arbitrary and capricious because Plaintiff was not eligible for benefits. The Court agrees. The evidence is uncontroverted that Plaintiff only worked for Defendant for three years and thus was not entitled to benefits. Therefore, Defendant's motion for summary judgment should be granted.

It is therefore ORDERED that Motion for Summary Judgment (Dkt. #26) of Defendant Campbell Soup Supply Company LLC is hereby GRANTED and Plaintiff's claims are DISMISSED with prejudice.

**SIGNED this 7th day of June, 2011.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE